# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| DARNELL NOLLEY, | : | |
| Petitioner, | : | |
| VS. | : | CIVIL NO. 3:18-CV-00070-CAR-CHW |
| CLAY D. LAND, | : | |
| Respondent. | : | |

## ORDER

Presently pending before the Court is the *pro se* petition for writ of mandamus filed by Petitioner Darnell Nolley, an inmate presently confined at the Valdosta State Prison in Valdosta, Georgia (ECF No. 1). Petitioner has also filed a motion for leave to proceed *in forma pauperis* in this action (ECF No. 4). For the reasons discussed below, Petitioner's Petition is **DISMISSED without prejudice,** and his motion for leave to proceed *in forma pauperis* is **GRANTED** for purposes of this dismissal only.

## PRELIMINARY SCREENING

### I. Standard of Review

Because Petitioner is proceeding *in forma pauperis*, the Court will conduct a preliminary screening of this case in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). *See, e.g., Stine v. Collins*, 280 F. App'x 761 (10th Cir. 2008) (unpublished opinion) (affirming denial of prisoner's petition for writ of mandamus and dismissal of action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); *Weldon v. U.S.*

*Attorney for Middle Dist.*, 294 F. App'x 697, 697 (3d Cir. 2008) (per curiam) (affirming dismissal of petition for mandamus pursuant to 28 U.S.C. § 1915(e)(2)). When screening a complaint under 28 U.S.C. § 1915(e), the Court must accept all factual allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* Still, § 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals

2

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II. Factual Allegations and Petitioner's Claims

Petitioner moves the Court for issuance of a writ of mandamus pursuant to 28 U.S.C. § 1361, directing Respondent to enter a ruling "on the merits" in Petitioner's presently-pending federal habeas corpus action, *Nolley v. Williams*, Case No. 3:17-cv-00054-CDL-CHW (M.D. Ga. Mar. 17, 2017) ("*Nolley I*"). Pet. 1, ECF No. 1.

28 U.S.C. § 1361 provides the federal district courts with the authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is, however, "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (per curiam) (internal quotation marks omitted). Mandamus should only issue when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." *Id.* at 1258 (internal quotation marks omitted) (alteration in original). The party seeking the writ bears "the burden of showing that (his) right to issuance of the writ is clear and indisputable[.]" *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976) (internal quotation marks omitted).

Petitioner has failed to meet the burden of showing that he has a clear right to the relief requested. First, this Court does not have the authority to grant such a writ. The powers granted under § 1361 extend only to mandamus actions filed against officers and employees of the executive branch. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1246-47

(10th Cir. 2007); *Liberation News Svc. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) (finding that legislative history demonstrates that "in enacting §§ 1361 and 1391(e), Congress was thinking solely in terms of the executive branch"). 28 U.S.C. § 1361 does not grant a district court the authority to issue writs against other federal courts. *See Trackwell*, 472 F.3d at 1246 ("For a district court to issue a writ of mandamus against an equal or higher court would be remarkable."); *cf. also Ballentine v. Roberts*, Civil No. 2008-60, 2008 WL 4560742, at *2 (D.V.I. Oct. 8, 2008) (noting that an "extensive review" failed to uncover any court decision recognizing "as legally valid a claim asking an inferior court to compel a higher court to exercise the higher court's authority").

Furthermore, even though Respondent has yet to rule on the Magistrate Judge's Recommendation and Petitioner's recently-filed objections thereto, nothing in Petitioner's pleading suggests that Respondent has allowed this habeas case to languish. Three days before Petitioner signed his Petition in the above-captioned action, the United States Magistrate Judge entered a Report and Recommendation on the merits in *Nolley I*, recommending the dismissal of Petitioner's habeas petition without prejudice. Report & Recommendation 1, May 25, 2018, ECF No. 49. Petitioner filed a motion for extension of time to object to the Recommendation, and on June 14, 2018, Petitioner filed the objections themselves. Petitioner has simply not experienced any unreasonable delay in any rulings in this case. *Cf., e.g., In re Williams*, 408 F. App'x 561, 561 (3d Cir. 2010) (holding that a delay of only a few months after petitioner filed habeas petition did not constitute such undue delay as to warrant mandamus relief); *MacKenzie v. California Attorney Gen.*, CV12-00432, 2013 WL 3872114, at *3 (C.D. Cal. Mar. 12, 2013)

4

(observing that "delays of four months or more in ruling on a ripe habeas petition—and a full year in at least one case—did not rise to the level necessary to trigger the extraordinary remedy of mandamus"). Petitioner has therefore failed to meet his burden of showing that the "extraordinary remedy" of mandamus is clearly warranted in this case.

### IV. Conclusion

For the foregoing reasons, Petitioner's petition for mandamus relief under 28 U.S.C. § 1361 is **DISMISSED without prejudice**. Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED** for purposes of this dismissal only**.**

**SO ORDERED**, this 17th day of July, 2018.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT